KANE *v.* PENNEY and others.

*(District Court, S. D. New York. ———, 1880.)*

1. DEMURRAGE—DELIVERY OF COAL BY CANAL-BOATS.

*Held*, upon the proofs, (1) that Peck's dock was not the usual place for delivery of coal by canal-boats at Haverstraw; (2) that the consignees did not accept the coal at Peck's dock; (3) that the delay in getting to the place of discharge was not caused by the insufficiency of the respondent's dock, or by any obstacle they threw in the way.— [ED.

*F. A. Wilcox*, for libellant.

*A. B. Conger*, for respondents.

CHOATE, D. J. This is a suit for demurrage brought by the owner and master of a canal-boat. The canal-boat carried a cargo of coal from Hoboken to Haverstraw, under a bill of lading, by the terms of which the coal was to be delivered to these respondents, the consignees, "along-side." No other

designation of the place of delivery was made before her arrival. On her arrival at Haverstraw the boat was left by the tug, in whose tow she was, and was made fast at a pier called Peck's dock, at which it is usual for canal-boats to be left by tugs; there not being depth of water enough at other docks in Haverstraw for the tugs to land canal-boats at them directly. Three points are made by the libellant to charge the respondents with demurrage for the delay subsequent to arrival at Peck's dock—*First*, that the arrival of the canal-boat at Peck's dock and notice to the consignees was a compliance with the bill of lading; *secondly*, that if not so, the consignees accepted her at that place; and, *thirdly*, that if the consignees had the right to designate the dock at which she should deliver, and did designate their own dock, the delay was owing to the insufficiency of their dock and the want of water there caused by their own fault.

1. Peck's dock, upon the proofs, is not the usual place for delivery of coal by canal-boats at Haverstraw. It is a private dock, and the place where boats can lie for discharge was inaccessible to the consignees by reason of the dock being covered by railroad tracks so laid that wagons cannot reach the end of the pier. The consignees had no right there. The consignees had a dock of their own, at which they often receive coal, accessible at ordinary high tide for canal-boats of the draught of this one.

2. The consignees did not accept the coal at Peck's dock. On the contrary, the evidence shows that the libellant engaged a tug to tow the boat to respondents' dock, and agreed with the captain of the tug to pay for the towage by giving him an order on the consignees for its payment out of the freight which they were to pay. This shows that he acquiesced in the designation of the respondents' dock as the place of discharge.

3. The libellant's boat failed to reach the respondents' dock, mainly through insufficiency of water, caused by a long course of prevailing westerly winds, which kept the tide down. At ordinary high tide there was water enough, but from the six-

teenth of December, 1877, to the twenty-ninth of December, it was found impossible to reach the dock from this cause, and also, a part of the time, on account of ice formed about the boat. The respondents did all they could, meanwhile, to assist the libellant in overcoming the difficulty, and about the twenty-fourth day of December they obtained permission of a steam-boat company, owners of an adjoining pier, to have the coal landed there; and this was done at considerable additional expense to the respondents in receiving the coal.

Upon the proof, I think the delay in getting to the place of discharge, was not caused by the insufficiency of the repondents' dock, or any obstacle they threw in the way. There is a great conflict in the testimony of the parties, but the libellant is, on material points, so contradicted as virtually to be discredited. Upon settlement of his freight bill the libellant brought up the subject of a claim for demúrrage, but, upon the suggestion by respondents of the extra expense they had been at, the claim appears to have been waived or abandoned, but afterwards this suit was brought.

Libel dismissed.